# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BOUVY,<br><br>Plaintiff,<br><br>v.<br><br>ANALOG DEVICES, INC., a Massachusetts company, as successor to LINEAR TECHNOLOGY CORPORATION; LINEAR TECHNOLOGY LLC, a Delaware company; LINEAR TECHNOLOGY ADMINISTRATIVE COMMITTEE; and DOE DEFENDANTS 1–20,<br><br>Defendants. | Case No.: 19-cv-881 DMS (BLM)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO RECONSIDER** |

Pending before the Court is Defendants' Motion to Reconsider the Court's Order denying in part Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. The matter is fully briefed and submitted. For the following reasons, the motion is denied.

## I.
## LEGAL STANDARD

Generally, where a district court "has jurisdiction over the case, … it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*,

254 F.3d 882, 889 (9th Cir. 2001) (internal quotation marks and citations omitted) (emphasis omitted). Reconsideration is generally appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).[1]

## II.

## DISCUSSION

The facts of the case are set out in the prior Order. (*See* Order Granting In Part and Denying In Part Defendants' Motion to Dismiss ("Order"), ECF No. 32, at 2–4.) Defendants contend reconsideration is merited because the Court erred by applying a regulation that governs annual, not quarterly, disclosure statements and concluding that Defendants conceded the "Administrative Fee–Per Account" did not sufficiently describe what those fees entailed. (Mot. to Recon., ECF No. 33, at 1.) At issue is the following section of the Court's Order:

> Plaintiff contends the disclosures do not define the "Administrative Fee-Per Account." (Opp'n at 22) (citing FAC, Ex. 2 at 4.) Indeed, Defendants even acknowledge that the "Administrative Fee-Per Account" did not sufficiently describe what the fees entailed. (Mot. at 24, n. 19.) The regulations require "an explanation of any fees and expenses for general plan administrative services." 29 C.F.R. § 2550.404a–5(c)(2)(i)(A). Because Defendants did not adequately describe the "Administrative Fee-Per Account" listed in the quarterly statements in their fee disclosures, Plaintiff adequately stated a

---

[1] Motions for reconsideration are also subject to Civil Local Rule 7.1(i)(1), which requires applicants for reconsideration to "present to the judge … an affidavit of a party or witness or certified statement of an attorney setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." Defendants have complied with this Rule. (*See* Mot. to Recon., Ex. 1.)

      claim for failure to provide complete and accurate administrative disclosures under § 2550.404a–5(c)(2)(i)(A).

Order at 24.

Defendants contend the Court erred because it cited 29 C.F.R. § 2550.404a–5(c)(2)(i)(A), which applies to annual fee statements, and not the quarterly fee statements at issue. Plaintiff argues Defendants are picking the "nit" and the result is the same because the correct regulation for quarterly fee statements "requires a fiduciary to furnish to plan participants a *quarterly* statement of *the very same charges* that includes 'a description of the services to which the charges relate.'" (Opp'n Br., ECF No. 37, at 4) (citing 29 C.F.R. § 2550.404a–5(c)(2)(ii)) (emphasis in original). Indeed, the correct provision, 29 C.F.R. § 2550.404a–5(c)(2)(ii), mandates that quarterly disclosures not only include "the dollar amount of the fees and expenses described in paragraph (c)(2)(i)(A)" but also a "description of the services to which the charges relate (e.g., plan administration, including recordkeeping, legal, accounting services)." Thus, the Court's citation to § 2550.404a–5(c)(2)(i)(A) rather than § 2550.404a–5(c)(2)(ii) does not warrant the relief Defendants request.

Plaintiff stated a claim because he alleged facts showing Defendants did not adequately describe the "Administrative Fee-Per Account" listed in his quarterly statements. Specifically, as to the October 2, 2016 – December 31, 2016 quarterly fee statement, Plaintiff alleges that he was charged $31.25 in a fee described as "Administrative Fee-Per Account," and the same statement showed an additional charge of $19.72 associated with Plaintiff's investment in the T. Rowe Price Income Advantage Fund, with the same description. (First Amended Complaint ("FAC"), ECF No. 16, at ¶ 159). Plaintiff alleges he has stated a claim because the disclosures fail to include an adequate description of the fees or "any indication as to which entity received the fee or the basis for the charge." (*Id.*) Further, Plaintiff contends "[w]ithout knowing the basis of the fees or who is receiving them, participants cannot make informed decisions regarding these charges or assess their reasonableness." (*Id.*) Accordingly, Plaintiff has stated a

claim by alleging facts showing his quarterly statement and related fee disclosures failed to specify what aspects of plan administration the charges relate to, such as "recordkeeping, legal, [or] accounting services." *See* 29 C.F.R. § 2550.404a–5(c)(2)(ii).

Next, Defendants take issue with the Court's statement that "Defendants even acknowledge that the 'Administrative Fee-Per Account' did not sufficiently describe what the fees entailed." (Order at 24.) In making that reference, the Court cited footnote 19 of Defendants' motion to dismiss. The Court intended to cite footnotes 17 and 18 of the motion, where Defendants specified that the first "Administrative Fee-Per Account" listed on Plaintiff's October to December 2016 quarterly statement was for "administrative costs such as plan administration, recordkeeping, and call center staffing," and the second "Administrative Fee-Per Account" covered "investment advisory fees, which include an independent review of all funds offered in the plan." (Mot. to Dismiss, ECF No. 23, at 24, n. 17-18) (citing FAC ¶ 159).

Defendants contend the Court erred by finding these descriptions were "an implicit acknowledgement that the explanation on the statement itself was insufficient" because the "footnotes simply state factual information; they do not concede legal inadequacy," and "any implied concession of inadequacy is belied by the fact that… the statement's description in fact satisfied the requirements for quarterly statements." (Mot. to Recon. at 5.) Nevertheless, the descriptions provided by Defendants were not provided in Plaintiffs' quarterly statement. (*See* Ex. 4 to FAC at 2.) Moreover, the Plan's fee disclosure only included the following definition of "Administrative Fee-Per Account":

> The plan incurs annual general administrative fees for ongoing plan administrative services (e.g., recordkeeping) of $125 per participant account (accrued monthly). On a quarterly basis, fees will be deducted as a fixed dollar amount from your account based on the total number of participant accounts at the time the deduction is taken, unless paid from other sources … When applicable, general administrative fees other than the charge above, for administrative services (e.g., legal, accounting and auditing), may from time to time be deducted as a fixed dollar amount from your account.

(Ex. 1 to FAC at 2.)

In the Order, the Court found Defendants' footnotes clarified what the quarterly statement and fee disclosures did not adequately describe. (*See* Ex. 4 to FAC) (showing only "Administrative Fee-Per Account")). Although Defendants did not concede that the "Administrative Fee-Per Account" was insufficiently described, neither the quarterly statement nor the above definition of fees adequately describes how each fee is allocated. Rather than specifying what aspects of plan administration the charges relate to, such as "recordkeeping, legal, [or] accounting services[,]" 29 C.F.R. § 2550.404a–5(c)(2)(ii), the fee disclosure states the fee could be incurred for any of those services, without distinguishing between them. Viewing all facts in the light most favorable to Plaintiff, as the Court must at this stage of the proceedings, Plaintiff has adequately stated a claim for failure to sufficiently describe administrative fees on the quarterly statements under Count III.

## III.

## CONCLUSION AND ORDER

Defendants' motion for reconsideration is denied.

**IT IS SO ORDERED.**

Dated: September 8, 2020

Hon. Dana M. Sabraw
United States District Judge