# Exhibit A

SEYFARTH SHAW LLP
F. Scott Page (SBN 108515)
spage@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:    (310) 201-5219

Ada W. Dolph (*pro hac vice*)
adolph@seyfarth.com
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone:   (312) 460-5000
Facsimile:    (312) 460-7000

Attorneys for Defendants ANALOG
DEVICES, INC., *et al*

EDELSON PC
Rafey S. Balabanian (SBN 315962)
rbalabanian@edelson.com
150 California Street, 18th Floor
San Francisco, California 94111
Telephone:  (415) 212-9300
Facsimile:  (415) 373-9435

Attorneys for Plaintiff
MICHAEL BOUVY and the
Settlement Class

UNITED STATES DISTRCIT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL BOUVY,

        Plaintiff,

    v.

ANALOG DEVICES, INC., a
Massachusetts company, as successor to
LINEAR TECHNOLOGY
CORPORATION; LINEAR
TECHNOLOGY LLC, a Delaware
company; LINEAR TECHNOLOGY
ADMINISTRATIVE COMMITTEE;
and DOE DEFENDANTS 1-20,

        Defendants.

Case No. 19-cv-881-DMS BLM

**CLASS ACTION SETTLEMENT AGREEMENT**

This Class Action Settlement Agreement ("Settlement Agreement") is entered into by and among Plaintiff Michael Bouvy ("Bouvy" or "Plaintiff"), for himself individually and on behalf of the Settlement Class, and Defendants Analog Devices, Inc., Linear Technology Corporation, Linear Technology LLC and Linear Technology Administrative Committee (collectively "Defendants"). (Plaintiff and Defendants are referred to individually as a "Party" and collectively referred to as the "Parties."). This Settlement Agreement is intended by the Parties to meet all the requirements of the law, including Federal Rule of Civil Procedure 23 and fully, finally, and forever resolve, discharge, and settle the Released Claims[1] upon and subject to the terms and conditions hereof, and is subject to the approval of the Court.

## RECITALS

A.   On May 10, 2019, Plaintiff Michael Bouvy filed a putative class action complaint on behalf of participants in the Linear Technology 401(k) Plan ("the Plan") against Defendants Analog Devices, Inc., Linear Technology Corporation, and several officers and directors of those entities alleging Defendants breached their fiduciary duties under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). The complaint was amended, on September 24, 2019, to name the current Defendants.

B.   On November 25, 2019, Defendants moved to dismiss the amended complaint with prejudice. After full briefing, the Court granted in part and denied in part that motion on June 24, 2020, with leave to amend. Defendants moved to reconsider the denial of their motion to dismiss on July 23, 2020, which was fully briefed and denied by the Court on September 8, 2020.

C.   On July 24, 2020, Plaintiff filed a second amended complaint, which

---

[1]   Capitalized terms are defined *infra* in Section 1.

1    Defendants answered on August 21, 2020.

2         D.    Thereafter, the Parties engaged in discovery including exchanging

3    ESI containing individual participant account data, thousands of documents and

4    written discovery responses related to both the merits and class certification, and

5    expert disclosures under Fed. R. Civ. P. 26(a)(2)(B) related to class certification.

6         E.    On July 26, 2021, Plaintiff moved for class certification. While that

7    motion was pending, the Parties participated in a mandatory settlement

8    conference with Magistrate Judge Barbara Major. Following the day-long

9    settlement conference on October 8, 2021, Magistrate Judge Major offered a

10   mediator's proposal to settle the litigation on a class-wide basis, which the

11   Parties accepted.

12        F.    Plaintiff and Class Counsel conducted a comprehensive examination

13   of the law and facts relating to the allegations in the complaint and Defendants'

14   potential defenses. Plaintiff believes that the claims asserted in the Action have

15   merit, that he would have ultimately succeeded in obtaining adversarial

16   certification of the proposed Settlement Class, and that he would have prevailed

17   on the merits at summary judgment or at trial. But Plaintiff and Class Counsel

18   recognize that Defendants have raised factual and legal defenses in the Action

19   that presented a risk that Plaintiff may not prevail and/or that a class might not be

20   certified for trial. Class Counsel have also taken into account the uncertain

21   outcome and risks of any litigation, especially in complex actions, as well as the

22   difficulty and delay inherent in such litigation. Plaintiff and Class Counsel

23   believe that this Agreement presents an exceptional result for the Settlement

24   Class, and one that will be provided to the Settlement Class without delay.

25   Therefore, Plaintiff believes that it is desirable that the Released Claims be fully

26   and finally compromised, settled, and resolved with prejudice, and barred

27   pursuant to the terms and conditions set forth in this Settlement Agreement.

28

G.      Defendants deny all allegations of wrongdoing and liability and deny all material allegations in the complaint. Defendants contend that the Plan has been managed, operated and administered at all relevant times in compliance with ERISA and applicable regulations, including the fiduciary and prohibited transaction provisions of ERISA. The Settlement Agreement, and the discussions between the Settling Parties preceding it, shall in no event constitute, be construed as, or be deemed evidence of, an admission or concession of any wrongdoing, fault or liability of any kind by Defendants. Defendants have similarly concluded that this Settlement Agreement is desirable to avoid the time, risk, and expense of defending protracted litigation, and to avoid the risk posed by the Settlement Class's claims under ERISA. Defendants thus desire to resolve finally and completely the pending and potential claims of Plaintiff and the Settlement Class.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff, the Settlement Class, and Defendants that, subject to Court approval after a hearing as provided for in this Settlement Agreement, and in consideration of the benefits flowing to the Parties from the settlement set forth herein, the Released Claims shall be fully and finally compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions set forth in this Settlement Agreement.

## AGREEMENT

## 1. DEFINITIONS

As used herein, in addition to any definitions set forth elsewhere in this Settlement Agreement, the following terms shall have the meanings set forth below:

1.1     "**Action**" **or** "**Class Action**" means the case captioned *Michael Bouvy v. Analog Devices, Inc., Linear Technology Corporation, Linear*

*Technology LLC and Linear Technology Administrative Committee, et al.*, Case No. 19-cv-881-DMS BLM (S.D. Cal.).

1.2   "**Active Account**" means an individual investment account in the TIP Plan with a balance greater than $0.00 and able to receive funds.

1.3   "**Agreement**" or "**Settlement Agreement**" means this Class Action Settlement Agreement.

1.4   "**Alternate Payee**" means a person other than a Current Participant, Former Participant, or Beneficiary in the TIP Plan who is entitled to a benefit under the TIP Plan as a result of a Qualified Domestic Relations Order ("QDRO").

1.5   "**Beneficiary**" means a person who currently is entitled to receive a benefit under the TIP Plan upon the death of a Current Participant, other than an Alternate Payee. A Beneficiary includes, but is not limited to, a spouse, surviving spouse, domestic partner, or child who currently is entitled to a benefit.

1.6   "**Class Period**" means May 6, 2013 through January 18, 2019.

1.7   "**Class Counsel**" means attorney Rafey S. Balabanian of Edelson PC.

1.8   "**Class Representative**" means the named Plaintiff in the Action, Michael Bouvy.

1.9   "**Court**" means the United States District Court for the Southern District of California, the Honorable Dana M. Sabraw presiding, or any judge who shall succeed him as the Judge assigned to the Action.

1.10   "**Current Participant**" means a Settlement Class Member who has an Active Account in the TIP Plan as of the date of Preliminary Approval.

1.11   "**De Minimis Payment Class Members**" means Settlement Class Members, identified using the criteria set forth in Section 3.2 below, who shall not receive a Settlement Payment.

1    1.12 "**Defendants**" means Defendants Analog Devices, Inc.; Linear

2    Technology LLC; and Linear Technology Administrative Committee.

3    1.13 "**Defendants' Counsel**" means attorneys F. Scott Page and Ada W.

4    Dolph of Seyfarth Shaw LLP.

5    1.14 "**Distributable Settlement Amount**" means the money remaining

6    from the Settlement Amount, including any interest thereon, after the payment of

7    any approved Fee Award, incentive award to the Class Representative, and

8    Settlement Administration Expenses.

9    1.15 "**Effective Date**" means one business day following the later of:

10   (i) the date upon which the time expires for filing or noticing any appeal of the

11   Final Judgment; (ii) if there is an appeal or appeals, other than an appeal or

12   appeals solely with respect to the Fee Award or incentive award, the date of

13   completion of all proceedings arising out of the appeal(s) in a manner that finally

14   affirms and leaves in place the Final Judgment without any material

15   modification, (including, but not limited to, the expiration of all deadlines for

16   motions for reconsideration or petitions for review and/or certiorari, all

17   proceedings ordered on remand, and all proceedings arising out of any

18   subsequent appeal(s) following decisions on remand); or (iii) the date of final

19   resolution of any appeal or any proceeding on certiorari with respect to the Final

20   Judgment.

21   1.16 "**Escrow Account**" means the separate, interest-bearing escrow

22   account to be established by the Settlement Administrator under terms acceptable

23   to Class Counsel and Defendants at a depository institution insured by the

24   Federal Deposit Insurance Corporation. The money in the Escrow Account shall

25   be invested in the following types of accounts and/or instruments and no other:

26   (a) demand deposit accounts and/or (b) time deposit accounts and certificates of

27   deposit, in either case with maturities of forty-five (45) days or less. Any interest

28   earned on the Escrow Account shall inure to the benefit of the Settlement Class

as part of the Settlement Payment, if practicable. The Settlement Administrator shall be solely responsible for all tax filings with respect to the Escrow Account.

1.17 "**Fee Award**" means the amount of attorneys' fees and reimbursement of costs to Class Counsel by the Court to be paid out of the Settlement Fund.

1.18 "**Final Approval Hearing**" means the hearing before the Court where the Plaintiff will request that the Final Judgment be entered by the Court finally approving the Settlement as fair, reasonable and adequate, and approving the Fee Award and the incentive award to the Class Representative.

1.19 "**Final Judgment**" means the final judgment to be entered by the Court approving the settlement of the Action in accordance with this Settlement Agreement after the Final Approval Hearing.

1.20 "**Former Participant**" means a member of the Settlement Class who does not have an Active Account in the TIP Plan.

1.21 "**Former Participant Rollover Form**" means the form, identical in all material respects to that attached hereto as Exhibit A, to be delivered to Former Participants with the Notice and available for electronic submission on the Settlement Website.

1.22 "**Former Participant Rollover Deadline**" means the date by which a Former Participant must file a complete Former Participant Rollover Form and shall be designated as a date fifty-six (56) days after the Notice Date, as approved by the Court.

1.23 "**Independent Fiduciary**" means an independent fiduciary who will serve as a fiduciary to the TIP Plan to approve and authorize the settlement of Released Claims on behalf of the Plan in accordance with Section 2 that has no relationship or interest in any of the Parties and is mutually agreed to by the Parties.

1.24 "**Notice**" means the notice of this proposed Settlement and Final Approval Hearing, which is to be disseminated to the Settlement Class substantially in the manner set forth in this Settlement Agreement, fulfills the requirements of Due Process and Federal Rule of Civil Procedure 23, and is substantially in the form of Exhibits B, C, and D attached hereto. The notice to Former Participants will include a Former Participant Rollover Form.

1.25 "**Notice Date**" means the date by which the Notice is disseminated to the Settlement Class, which shall be a date no later than twenty-eight (28) days after entry of Preliminary Approval.

1.26 "**Objection Deadline**" means the date by which a written objection to the Settlement Agreement must be filed with the Court, which shall be designated as a date fifty-six (56) days after the Notice Date, as approved by the Court. The Objection Deadline will be set forth in the Notice and on the Settlement Website.

1.27 "**Plaintiff**" means Michael Bouvy.

1.28 "**Plan**" means the Linear Technology 401(k) Plan.

1.29 "**Plan of Allocation**" means the formula for calculating the Settlement Payments as set forth in Section 3.2 below, which shall govern the distribution of the money remaining in the Settlement Fund after the deduction of any approved Fee Award, incentive award to the Class Representative, and Settlement Administration Expenses.

1.30 "**Preliminary Approval**" means the Court's Order preliminarily approving the Agreement, certifying the Settlement Class for settlement purposes, and approving the form and manner of the Notice.

1.31 "**Recordkeeping Balance**" and "**Plan Recordkeeping Balance**" mean the sums of quarterly recordkeeping fee differences used to calculate the Settlement Payments using the formula set forth in Section 3.2 below.

1.32  "**Recordkeeping Entitlement Percentage**" means the proportion of the Distributable Settlement Amount used to calculate the Settlement Payments using the formula set forth in Section 3.2 below.

1.33  "**Released Claims**" means any and all past and present claims or causes of action, whether known or unknown (including "Unknown Claims" as defined below), that were asserted in the Action or that arise out of, relate to, are based on, or have any connection with any of the allegations, acts, omissions, purported conflicts, representations, misrepresentations, facts, events, matters, transactions or occurrences that are, were, or could have been alleged or asserted in the Action, including but not limited to those that arise out of, relate to, are based on, or have any connection with: (1) the overall structure, management, or monitoring of the Plan's investment menus; (2) the selection, monitoring, oversight, retention, fees, expenses, or performance of the investment options available under the Plan; (3) the selection, monitoring, oversight, retention, fees, expenses, or performance of the Plan's recordkeeping service providers, (4) the selection, monitoring, oversight or retention of other fiduciaries, (5) disclosures or failures to disclose information regarding the Plan or service providers, (6) any assertions with respect to any fiduciaries of the Plan (or the selection or monitoring of those fiduciaries) in connection with the foregoing; or (7) the approval by the Independent Fiduciary of the Settlement Agreement. This release also applies to claims that would be barred by *res judicata* or collateral estoppel had the claims asserted in the Action been fully litigated and resulted in a Final Judgment.

Released Claims specifically exclude (1) claims of individual denial of benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) that do not fall within any of the categories identified above; (2) wages, labor or employment claims unrelated to the Plan, including by way of example only, claims, arising under Title VII of the Civil Rights Act of 1964, the Age Discrimination in

1    Employment Act, the Americans with Disabilities Act, the Equal Pay Act, 42

2    U.S.C. § 1981, the Fair Labor Standards Act, the Family and Medical Leave Act,

3    the National Labor Relations Act, the Sarbanes Oxley Act, the Dodd-Frank Wall

4    Street Reform and Protection Act, state anti-discrimination and wage-payment

5    laws, claims for wrongful termination under state common law and other state

6    law claims of a similar nature to those set forth in this subpart (2); and (3) claims

7    arising exclusively from conduct outside the Class Period. Additionally,

8    Released Claims do not include claims of any Released Party or the Plan against

9    any other Released Party for claims for, or arising out of, insurance coverage

10   against their insurers.

11       1.34 "**Released Parties**" means (a) Defendants, (b) Defendants' insurers,

12   co-insurers, and reinsurers, (c) Defendants' direct and indirect, past, present or

13   future parents, subsidiaries, affiliates, divisions, joint ventures, predecessors,

14   successors, Successors-In-Interest, and assigns, and each person that controls, is

15   controlled by, or is under common control with them, (d) the Plan and the Plan's

16   past fiduciaries, Plan administrators, recordkeepers, service providers,

17   consultants, and parties-in-interest and (e) Defendants' agents, officers,

18   employees, trustees, Board of Directors, members of the Board of Directors,

19   independent contractors, Representatives, attorneys, administrators, fiduciaries,

20   accountants, auditors, advisors, consultants, personal representatives, spouses,

21   heirs, executors, administrators, associates, employee benefit plan fiduciaries

22   (with the exception of the Independent Fiduciary), employee benefit plan

23   administrators, service providers to the Plan (including their owners and

24   employees), members of their immediate families, consultants, subcontractors,

25   and all persons acting under, by, through, or in concert with any of them.

26       1.35 "**Settlement Administration Expenses**" means all the fees and costs

27   reasonably incurred in or relating to administering the Settlement, providing

28   Notice, CAFA Notice, creating and maintaining the Settlement Website,

-10-

distribution of funds to the Settlement Class, reasonable expenses incurred by the TIP Recordkeeper to facilitate settlement administration (not to exceed ten thousand dollars $10,000), related taxes and tax expenses, fees of the escrow agent, Settlement Administrator, and Independent Fiduciary, and other such related expenses, with all such expenses to be paid from the Settlement Fund. Excluded from Administrative Expenses are internal expenses by the Settling Parties, and the Settling Parties' respective legal expenses, except as provided for in this Agreement.

1.36 "**Settlement Administrator**" means Analytics Consulting subject to approval of the Court, that will provide the Notice, create and maintain the Settlement Website, send Settlement Payments to Settlement Class Members, be responsible for tax reporting, and perform such other settlement administration matters set forth herein or contemplated by the Settlement.

1.37 "**Settlement Class**" means all persons who participated in the Plan at any point from May 6, 2013 until January 18, 2019, the effective date in which the Plan was merged into and with the TIP Plan, including any Beneficiary and/or Alternative Payee. Excluded from the Settlement Class are (a) any Judge or Magistrate presiding over this Action and members of their families; (b) Defendants and their beneficiaries; and (c) the legal representatives, successors, heirs or assignees of any such excluded persons.

1.38 "**Settlement Class Member**" or "**Class Member**" means a person who falls within the definition of the Settlement Class.

1.39 "**Settlement Fund**" means the amount paid by Defendants into the Escrow Account. Defendants shall pay into the Escrow Account the total amount of one million five hundred thousand dollars ($1,500,000.00). The Settlement Fund shall satisfy all monetary obligations of Defendants under this Settlement Agreement, including the Fee Award, litigation costs, Settlement Administration Expenses, payments to the Settlement Class Members, any incentive award, and

-11-

1   any other payments or other monetary obligations contemplated by this

2   Agreement. The Parties and the Settlement Administrator agree to treat the

3   Settlement Fund as being at all times a "qualified settlement fund" within the

4   meaning of Treasury Regulation § 1.468B-1. In no other event shall any amount

5   paid by Defendants into the Escrow Account revert to Defendants. Defendants

6   shall fund the Settlement Fund as follows: (1) Defendants shall make an initial

7   deposit of seven hundred and fifty thousand dollars ($750,000.00) within

8   fourteen (14) days of Preliminary Approval and receipt of wire instructions from

9   Settlement Administrator, and (2) Defendants shall make a final payment of the

10   remaining balance of the Settlement Fund within seventy (70) days of

11   Preliminary Approval.

12       1.40  "**Settlement Payment**" means the portion of the Settlement Fund,

13   calculated pursuant to the Plan of Allocation set forth in Section 3.2 below, due

14   to Settlement Class Members.

15       1.41  "**Settlement Website**" means the website to be created, launched,

16   and maintained by the Settlement Administrator, which will provide access to

17   relevant settlement administration documents, including the Notice, relevant case

18   documents, and other relevant material.

19       1.42  "**Settling Parties**" means Plaintiff and Defendants.

20       1.43  "**TIP Plan**" means The Investment Partnership Plan, the 401(k) plan

21   sponsored by Analog Devices, Inc., in which the Plan was merged into and with

22   effective January 18, 2019.

23       1.44  "**TIP Plan Recordkeeper**" means any entity, as designated by

24   Defendants, which will provide recordkeeping services to the TIP Plan at the

25   time of Final Approval.

26       1.45  "**Unknown Claims**" means claims that could have been raised in the

27   Action on behalf of the Plan and that Plaintiff and any member of the Settlement

28   Class do not know or suspect to exist, which, if known by him, her or it, might

affect his, her or its agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, to object, or not to object to the Settlement. Upon the Effective Date, Plaintiff and all Settlement Class Members shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Upon the Effective Date, Plaintiff and all Settlement Class Members shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state, the District of Columbia or territory of the United States, by federal law, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to Section 1542 of the California Civil Code. Plaintiff and the Settlement Class acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Section.

## 2. REVIEW BY INDEPENDENT FIDUCIARY

2.1.    **Independent Fiduciary.** The Independent Fiduciary retained by Defendants on behalf of both the TIP Plan and the Plan, shall have the following responsibilities, including whether to approve and authorize the settlement of Released Claims on behalf of the Plan.

   a. The Independent Fiduciary shall comply with all relevant conditions set forth in Prohibited Transaction Class Exemption 2003-39, Release of Claims and Extensions of Credit in Connection with Litigation, 68 Fed. Reg. 75,632 (Dec. 31, 2003) ("PTE 2003-39"), in making its determination.

   b. The Independent Fiduciary shall notify Defendants directly of its determination, in writing (with copies to Class Counsel and Defendants' Counsel), which notification shall be delivered no later than thirty (30) calendar days before the Final Approval Hearing.

   c. All fees and expenses associated with the Independent Fiduciary's determination and performance of its other obligations in connection with the Settlement will constitute Settlement Administrative Expenses to be deducted from the Settlement Fund.

   d. Defendants, Defendants' Counsel, and Class Counsel shall respond to reasonable requests by the Independent Fiduciary for information so that the Independent Fiduciary can review and evaluate the Settlement Agreement.

   e. If Defendants conclude that the Independent Fiduciary's determination does not comply with PTE 2003-39 or is otherwise deficient, Defendants shall so inform the Independent Fiduciary within fifteen (15) calendar days of receipt of the determination, copying Class Counsel.

   f. A copy of the Independent Fiduciary determination letter and report shall be provided to Class Counsel who may file it with the Court in support of obtaining the Final Judgment.

**3. SETTLEMENT RELIEF**

 3.1. **Settlement Payments to Settlement Class Members.**

   a. After the Effective Date, the Settlement Administrator shall cause the Settlement Payments to be allocated and distributed as set forth below to the Former Participants (directly by check payable to the Former Participant or

-14-

1  a qualified retirement account in their name, unless they submit a timely Former

2  Participant Rollover Form directing the Settlement Administrator to rollover

3  their Settlement Payment to another tax-qualified retirement account) and to the

4  TIP Plan Recordkeeper for distribution to the accounts of Current Participants,

5  both in accordance with this Settlement and as ordered by the Court.

6          b.     To be eligible for a Settlement Payment from the Settlement

7  Fund, a person must be a Current Participant, a Former Participant, or a

8  Beneficiary or Alternate Payee of such a person. Current Participants shall

9  receive their Settlement Payment as contributions to their account in the TIP

10  Plan, as provided for below, unless, as of the date of their Settlement Payment,

11  they no longer have an Active Account in the TIP Plan, in which case they shall

12  be treated as Former Participants. Former Participants shall receive their

13  Settlement Payment in the form of checks or, if permitted by the Settlement

14  Administrator, in the form of tax-qualified rollovers to an individual retirement

15  account or other eligible employer plan, as provided below.

16          c.     Beneficiaries will receive Settlement Payments in amounts

17  corresponding to their entitlement as beneficiaries of the Current Participant or

18  of the Former Participant with respect to which the payment is made. This

19  includes Settlement Payments to Beneficiaries determined by the participant's

20  Plan accounts from May 6, 2013 until January 18, 2019 and/or by the

21  Beneficiary's own Plan account during that time if an account was created in the

22  Plan for the participant's Beneficiary. Alternate Payees will receive Settlement

23  Payments if and to the extent they are entitled to receive a portion of a Current

24  Participant's or Former Participant's allocation pursuant to the terms of the

25  applicable QDRO. Beneficiaries and Alternate Payees with Active Accounts as

26  of the date of the Preliminary Approval will receive payments by the method

27  described in this Settlement for Current Participants. Beneficiaries and Alternate

28  Payees who do not have Active Accounts as of the date of Preliminary Approval

-15-

1   will receive payments by the method described for Former Participants. The

2   Settlement Administrator shall have sole and final discretion to determine the

3   amounts to be paid to Beneficiaries and Alternate Payees in accordance with this

4   Settlement as ordered by the Court.

5       3.2. **Distribution to Settlement Class Members.**

6           a.   The money remaining from the Settlement Amount, including

7   any interest thereon, after the payment of any approved Fee Award, incentive

8   award to the Class Representative, and Settlement Administration Expenses,

9   shall constitute the funds available for distribution to Settlement Class Members

10  (the "Distributable Settlement Amount").

11          b.   Class Counsel shall work with Defendants' Counsel, the TIP

12  Recordkeeper and/or the Plan's former recordkeeper to provide the Settlement

13  Administrator with the data reasonably necessary to determine the Settlement

14  Payments, in accordance with the Plan of Allocation below. The data reasonably

15  necessary to perform calculations under the Plan of Allocation is as follows: the

16  quarterly recordkeeping fees paid by each Settlement Class Member from the

17  second quarter of 2013 through (and including) the fourth quarter of 2018.

18          c.   Settlement Payments shall be calculated and distributed to

19  Former Participants and Current Participants (including Beneficiaries and

20  Alternate Payees), in accordance with the following Plan of Allocation:

21              i.  **STEP 1:** For each Settlement Class Member, the Settlement

22                  Administrator shall determine a Recordkeeping Balance based

23                  on quarterly account information provided by the TIP

24                  Recordkeeper and/or the Plan's former recordkeeper. For every

25                  quarter in which the Settlement Class Member had an account

26                  balance in the Plan, beginning with the second quarter of 2013

27                  and up to and including the fourth quarter of 2018, the

28                  Settlement Administrator shall calculate the difference between

-16-

the recordkeeping fees paid by the Settlement Class Member for that quarter and $12.50. The Settlement Administrator shall sum these quarterly differences for each Settlement Class Member, and this amount shall be the Settlement Class Member's Recordkeeping Balance.

ii. **STEP 2**: The Settlement Administrator shall identify any Settlement Class Member whose Recordkeeping Balance equals a negative number. Such Settlement Class Members shall be referred to as Negative-Balance Class Members and shall receive no allocation from the Distributable Settlement Amount. The Settlement Administrator shall then sum the Recordkeeping Balance for all Settlement Class Members (excluding the Recordkeeping Balance for Negative-Balance Class Members), and this amount shall be the Plan Recordkeeping Balance.

iii. **STEP 3**:  The Settlement Administrator shall divide each Settlement Class Member's Recordkeeping Balance by the Plan Recordkeeping Balance, and this amount shall be the Settlement Class Member's Recordkeeping Entitlement Percentage.

iv. **STEP 4:** The Settlement Administrator shall multiply the Settlement Class Member's Recordkeeping Entitlement Percentage by the Distributable Settlement Amount, and this amount shall be the Settlement Class Member's Preliminary Settlement Payment.

v. **STEP 5:** The Settlement Administrator shall then identify any Settlement Class Member whose Preliminary Settlement Payment is less than $10 (ten dollars). Such Settlement Class Members shall be referred to as De Minimis Payment Class

-17-

Members and shall receive no allocation from the Distributable Settlement Amount. The Settlement Administrator shall then, taking into account the De Minimis Payment Class Members, recalculate the amount to distribute to Settlement Class Members to arrive at the final Settlement Payment. The sum of the Settlement Payments must equal the Distributable Settlement Amount. The Settlement Administrator shall use its discretion as to rounding, so long as the total of all Settlement Payments does not exceed the Distributable Settlement Amount. In the event that the Settlement Administrator determines that the proposed Settlement Payments would exceed this amount, the Settlement Administrator is authorized to make such pro rata changes as are necessary such that said totals do not exceed the Distributable Settlement Amount.

d.   *Settlement Payments to Current Participants*. Current Participants will not be required to submit anything to receive a Settlement Payment.

i.   Within fourteen (14) days after Final Approval, for all Current Participants, the Settlement Administrator will provide Defendants (or, as designated by Defendants, the TIP Recordkeeper), in a format and via a delivery method mutually agreed upon by the Settlement Administrator and Defendants, with an Excel spreadsheet (or other format acceptable to the TIP Recordkeeper) containing the name, the amount of the Settlement Payment for each of the Current Participants, and any other information requested by Defendants or the TIP Recordkeeper as necessary to effectuate this provision.

ii.   Within fourteen (14) days of the Effective Date, the Settlement Administrator shall cause a transfer from the Escrow Account to the TIP Plan of the aggregate amount of all Settlement Payments payable to Current

-18-

Participants, as reflected in a spreadsheet provided by the Settlement Administrator. The TIP Recordkeeper shall thereafter credit the individual Active Account(s) of each Current Participant in an amount equal to that stated on the spreadsheet provided by the Settlement Administrator in relation to such Current Participant. This amount will be invested in accordance with each Settlement Class member's existing investment instructions, and in the absence of such instructions, in the Qualified Default Investment Alternative. The amount distributed to the TIP Plan for Settlement Payments to the Current Participants shall constitute "restorative payments" within the meaning of Revenue Ruling 2002-45, 2002-2 C.B. 116 for all purposes.

iii.     The TIP Recordkeeper shall process all Current Participant transactions as soon as practicable, but no later than forty-five (45) days, after receiving the transfer from the Escrow Account to the TIP Plan of the aggregate amount of all Settlement Payments payable to Current Participants, from the Settlement Administrator for any Current Participant.

iv.     If, as of the date when distributions pursuant to this Settlement Agreement are made, it is determined that a Current Participant no longer has an Active Account, they will be treated as a Former Participant for purposes of the Settlement only and will receive their Settlement Payment from the Settlement Administrator in the form of a check, unless the Settlement Administrator receives a Former Participant Rollover Form for the Settlement Class Member within fourteen (14) days of the Effective Date.

e.     *Settlement Payments to Former Participants*. The Settlement Administrator will provide each Former Participant with the opportunity to elect a tax-qualified rollover for their Settlement Payment to an individual retirement account or other eligible employer plan, which they have identified on the Former Participant Rollover Form, provided that the Former Participant supplies adequate information to the Settlement Administrator to cause the rollover.

-19-

1   Otherwise, the Former Participant will receive their Settlement Payment directly
2   by check. The distributions shall be issued as follows:

3                  i.      The Settlement Administrator will either cause the
4   rollover from the Escrow Account to the individual retirement account or other
5   eligible employer plan elected by the Former Participant in the Former
6   Participant Rollover Form (if the conditions for such rollover are satisfied, for
7   which the Settlement Administrator will have sole responsibility for
8   determining) and any associated paperwork necessary to cause these Settlement
9   Payments by rollover, or issue a check from the Escrow Account to the Former
10  Participant and mail the check to the last known address of such Former
11  Participant. The amount distributed for Settlement Payments to the Former
12  Participants shall constitute "restorative payments" within the meaning of
13  Revenue Ruling 2002-45, 2002-2 C.B. 116 for all purposes.

14                 ii.      For each check issued, other than a rollover, the
15  Settlement Administrator shall (1) calculate and withhold any applicable taxes
16  associated with the payments allocable to the Former Participant; (2) report such
17  payments and remit such tax withholdings to the Internal Revenue Service and
18  applicable state and local revenue agents; and (3) issue appropriate tax forms to
19  the Former Participants. Neither the Defendants, Defendants' Counsel, Class
20  Counsel, the Class Representative, nor the Released Parties shall have any
21  responsibility for or liability whatsoever with respect to any tax advice given to
22  the Former Participants or the Current Participants. Deductions will be made,
23  and reporting will be performed by the Settlement Administrator, as required by
24  law in respect of all payments made under the Settlement Agreement.

25                 iii.     The Settling Parties acknowledge that any payments to
26  Class Members or their attorneys may be subject to applicable tax laws.
27  Defendants, Defendants' Counsel, Class Counsel, and Class Representative will
28  provide no tax advice to the Class Members and make no representation

1   regarding the tax consequences of any of the settlement payments described in

2   this Settlement Agreement. To the extent that any portion of any Settlement

3   Payment is subject to income or other tax, the recipient of the payment shall be

4   responsible for payment of such tax. Deductions will be made, and reporting will

5   be performed by the Settlement Administrator, as required by law in respect of

6   all payments made under the Settlement Agreement. Payments from the

7   Settlement Fund shall not be treated as wages by the Parties.

8                    iv.     Each Settlement Class Member who receives a payment

9   under this Settlement Agreement shall be fully and ultimately responsible for

10  payment of any and all federal, state, or local taxes resulting from or attributable

11  to the payment received by such person. Each Settlement Class Member shall

12  hold the Released Parties, Plaintiff, Defense Counsel, Class Counsel, and the

13  Settlement Administrator harmless from any tax liability, including penalties and

14  interest, related in any way to payments under the Settlement Agreement, and

15  shall hold the Released Parties, Plaintiff, Defense Counsel, Class Counsel, and

16  the Settlement Administrator harmless from the costs (including, for example,

17  attorneys' fees and disbursements) of any proceedings (including, for example,

18  investigation and suit), related to such tax liability.

19                   f.      *Remaining Funds*. All Settlement Payments via check will

20  state on the face of the check that the check will expire and become null and void

21  unless cashed within ninety (90) days after the date of issuance.

22                   i.      To the extent that a check issued to a Settlement Class

23  Member is not cashed within ninety (90) days after the date of issuance, the

24  check will be void, and such funds shall revert to the Escrow Account. Any

25  amounts remaining in the Escrow Account after making all Settlement Payments

26  (including costs and taxes), Settlement Administrative Expenses, the Fee Award

27  and any incentive award shall be paid to the TIP Plan for the purpose of

28  defraying administrative fees and expenses of the TIP Plan.

## 4. RELEASE

4.1.   **The Release.** Upon the Effective Date, and in consideration of the settlement relief described herein, the Class Representative and all Settlement Class Members, and each of their respective heirs, beneficiaries, executors, administrators, estates, agents, attorneys, and assigns, shall be deemed to have released, and by operation of the Final Judgment shall have, fully, finally, and forever, released, relinquished and discharged all Released Claims against each and every one of the Released Parties.

4.2.   **Representations and Warranties.** The Settling Parties represent: That they are voluntarily entering into the Settlement Agreement as a result of arm's length negotiations among their counsel, and that in executing the Settlement Agreement they are relying solely upon their own judgment, belief, and knowledge, and upon the advice and recommendations of their own independently selected counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters that relate in any way to the subject matter hereof;

4.3.   That they assume the risk of mistake as to facts or law;

4.4.   That they recognize that additional evidence may have come to light, but that they nevertheless desire to avoid the expense and uncertainty of litigation by entering into the Settlement;

4.5.   That they have read carefully the contents of the Settlement Agreement, and the Settlement Agreement is signed freely by each individual executing the Settlement Agreement on behalf of each of the Settling Parties; and

4.6.   That they have made such investigation of the facts pertaining to the Settlement and all matters pertaining thereto, as they deem necessary.

4.7.   Each individual executing the Settlement Agreement on behalf of a Settling Party does hereby personally represent and warrant to the other Settling Parties that he/she has the authority to execute the Settlement Agreement on

-22-

behalf of, and fully bind, each principal that each such individual represents or purports to represent.

**5. NOTICE TO THE CLASS**

 5.1.  **The Notice process shall include:**

 a. *Class List*. Defendants shall provide the Settlement Administrator a list of all names, e-mail addresses, and last known U.S. mail addresses of all persons in the Settlement Class (the "Class List") as soon as practicable, but by no later than fourteen (14) days after the execution of this Agreement. Defendants shall designate whether the person on the Class List is a Current Participant, Former Participant, or known Beneficiary or Alternate Payee. The Settlement Administrator shall keep the Class List and all personal information obtained therefrom, including the identity, mailing addresses, and e-mail addresses of all persons strictly confidential. The Class List may not be used by the Settlement Administrator for any purpose other than advising specific individual Settlement Class members of their rights, mailing Settlement Payments, causing Settlement Payment rollovers, and otherwise effectuating the terms of the Settlement Agreement or the duties arising thereunder, including the provision of Notice of the Settlement. In particular, the Class List shall not be disseminated to Settlement Class Members as part of the notice process.

 b. *Update Addresses*.  Prior to mailing any Notice, the Settlement Administrator will update the addresses of Former Participants on the Class List using the National Change of Address database and other available resources deemed suitable by the Settlement Administrator. The Settlement Administrator shall take all reasonable steps to obtain the correct address of any Class Members for whom Notice is returned by the U.S. Postal Service as undeliverable and shall attempt re-mailings as described below in Paragraph 6.1.

 c. *Direct Notice*.  No later than the Notice Date, the Settlement Administrator shall send Notice via e-mail, substantially in the form of Exhibit

-23-

B, to all persons in the Settlement Class for whom an email address is available in the Class List. The e-mail Notice shall have a link to the Former Participant Rollover Form. The Settlement Administrator shall also send a Notice via First Class U.S. Mail, substantially in the form of Exhibit C, to the physical address of each such person in the Class List. Mailed Notice to Former Participants shall include a Former Participant Rollover Form.

d.   *Reminder Notices.* No later than twenty-one (21) days before the Former Participant Rollover Deadline, the Settlement Administrator shall send Notice via e-mail, substantially in the form of Exhibit B to all Former Participants on the Class List for whom the Settlement Administrator has a valid email address. Reminder notice to Former Participants for whom the Settlement Administrator does not have a valid email address shall be sent via First Class U.S. Mail, substantially in the form of Exhibit C, not later than twenty-one (21) days before the Former Participant Rollover Deadline.

e.   *Settlement Website.* Within fourteen (14) days after the entry of Preliminary Approval, the Settlement Administrator will develop, host, administer and maintain the Settlement Website, containing the Notice substantially in the form of Exhibit D. The Settlement Website shall contain an option to submit the Former Participant Rollover Form electronically, as well as the following documents or links to the following documents: the operative Complaint; Settlement Agreement and its Exhibits; Notice; Motions for Preliminary and Final Approval of the Settlement, Motion for the Fee Award and incentive award, with any accompanying briefs and exhibits; any Court orders related to the Settlement; any amendments or revisions to these documents; and any other documents or information mutually agreed upon by the Parties. No other information or documents will be posted on the Settlement Website unless agreed to in advance by the Parties in writing. The Settlement Administrator will take down the Settlement Website within ninety (90) calendar days after the

-24-

1   Settlement Administrator certifies that distribution of the Settlement Fund is

2   complete.

3          f.    *CAFA Notice*. Pursuant to 28 U.S.C. § 1715, not later than ten

4   (10) days after the Agreement is filed with the Court, Defendants shall cause to

5   be served upon the Attorneys General of each U.S. State in which Settlement

6   Class members reside, the Attorney General of the United States, and other

7   required government officials, notice of the proposed Settlement as required by

8   law.

9       5.2.   The Notice shall advise the Settlement Class of their rights under the

10  Settlement Agreement, including the right to object to the Settlement Agreement

11  or its terms. The Notice shall specify that any objection to this Settlement

12  Agreement, and any papers submitted in support of said objection, shall be

13  received by the Court at the Final Approval Hearing, only if, on or before the

14  Objection Deadline approved by the Court and specified in the Notice, the

15  person making an objection shall file notice of his or her intention to do so and at

16  the same time (a) files copies of such papers he or she proposes to submit at the

17  Final Approval Hearing with the Clerk of the Court, (b) files copies of such

18  papers through the Court's CM/ECF system if the objection is from a Settlement

19  Class Member represented by counsel, who also must file an appearance, and (c)

20  send copies of such papers via e-mail, U.S. mail, hand, or overnight delivery

21  service to Class Counsel and Defendants' Counsel.

22      5.3.  **Right to Object or Comment.** Any Settlement Class Member who

23  intends to object to this Settlement Agreement must present the objection in

24  writing, which must be personally signed by the objector and must include: (a)

25  the Settlement Class Member's full name and current address; (b) a statement

26  that he or she believes himself or herself to be a member of the Settlement Class;

27  (c) the specific grounds for the objection; (d) all documents or writings that the

28  Settlement Class Member desires the Court to consider; (e) the name and contact

information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; and (f) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel, who must file an appearance or seek *pro hac vice* admission). All written objections must be filed with the Court and postmarked, e-mailed or delivered to Class Counsel and Defendants' Counsel no later than the Objection Deadline. Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Section and as detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Settlement Agreement or Final Judgment by appeal or other means and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding.

**6. SETTLEMENT ADMINISTRATION**

    **6.1.** **Settlement Administrator's Duties.**

        a.   *Dissemination of Notices*. The Settlement Administrator shall disseminate the Notice as provided in Section 5 of this Settlement Agreement.

        b.   *Undeliverable Notice via U.S. Mail.*  If any Notice sent via U.S. mail is returned as undeliverable, the Settlement Administrator shall forward it to any forwarding addresses provided by the U.S. Postal Service. If no such forwarding address is provided, the Settlement Administrator shall perform skip traces to attempt to obtain the most recent addresses for such Settlement Class members.

        c.   *Maintenance of Records*. The Settlement Administrator shall

maintain reasonably detailed records of its activities under this Settlement Agreement. The Settlement Administrator shall maintain all such records as required by applicable law in accordance with its business practices and such records will be made available to Class Counsel and Defendants' Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. Upon request, the Settlement Administrator shall provide Class Counsel and Defendants' Counsel with information concerning Notice, administration and implementation of the Settlement.

d.      *Creation of Settlement Website*. The Settlement Administrator shall create the Settlement Website. The Settlement Website shall include a toll-free telephone number and mailing address through which persons in the Settlement Class may contact the Settlement Administrator or Class Counsel directly.

e.      *Timing of Settlement Payments*. The Settlement Administrator shall make all Settlement Payments contemplated in Section 3 of this Settlement Agreement.

f.      *Tax reporting*. The Settlement Administrator shall be responsible for all tax filings related to the Escrow Account and Settlement Payments as set forth in this Agreement. Defendants agree to provide the Settlement Administrator with the statement described in Treasury Regulation § 1.468B-3(e). Neither Defendants, Defendants' Counsel, Plaintiff, nor Class Counsel shall have any liability or responsibility of any sort for filing any tax returns or paying any taxes with respect to the Escrow Account.

**7. PRELIMINARY APPROVAL AND FINAL APPROVAL**

7.1.   **Preliminary Approval.** Promptly after execution of this Settlement Agreement, Class Counsel shall submit this Settlement Agreement to the Court

1   and shall move the Court to enter an order granting Preliminary Approval, which

2   shall include, among other provisions, a request that the Court:

3         a.   Appoint Plaintiff as Class Representative of the Settlement

4   Class;

5         b.   Appoint Class Counsel to represent the Settlement Class;

6         c.   Certify the Settlement Class under Federal Rule of Civil

7   Procedure 23(b)(1) and/or (b)(2), as a non-opt-out class for settlement purposes

8   only;

9         d.   Preliminarily approve this Settlement Agreement for purposes

10  of disseminating Notice to the Settlement Class;

11        e.   Approve the form and contents of the Notice and the method

12  of its dissemination to members of the Settlement Class; and

13        f.   Schedule a Final Approval Hearing after the expiration of the

14  CAFA notice period, to review comments and/or objections regarding this

15  Settlement Agreement, to consider its fairness, reasonableness and adequacy, to

16  consider the application for a Fee Award and incentive award to the Class

17  Representative, and to consider whether the Court shall issue a Final Judgment

18  approving this Settlement Agreement and dismissing the Action with prejudice.

19        7.2.   **Final Approval.** After Notice to the Settlement Class is given, Class

20  Counsel shall move the Court for entry of a Final Judgment, which shall include,

21  among other provisions, a request that the Court:

22        a.   find that it has personal jurisdiction over all Settlement Class

23  Members and subject matter jurisdiction to approve this Settlement Agreement,

24  including all attached Exhibits;

25        b.   approve the Settlement as fair, reasonable and adequate as to,

26  and in the best interests of, the Settlement Class Members; direct the Parties and

27  their counsel to implement and consummate the Settlement according to its terms

28  and conditions; and declare the Settlement to be binding on, and have *res*

-28-

*judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members;

    c. find that the Notice implemented pursuant to the Settlement Agreement (1) constitutes the appropriate notice under the circumstances, (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and their rights to object to this Settlement Agreement and to appear at the Final Approval Hearing, (3) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and (4) fulfills the requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

    d. find that the Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement;

    e. dismiss the Action on the merits and with prejudice, without fees or costs to any Party except as provided in this Settlement Agreement;

    f. incorporate the Release set forth above, make the Release effective as of the Effective Date, and forever discharge the Released Parties as set forth herein;

    g. authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement and its implementing documents (including all Exhibits to this Settlement Agreement) that (i) shall be consistent in all material respects with the Final Judgment, and (ii) do not limit the rights of Settlement Class Members;

    h. without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration,

consummation, enforcement and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

i.     incorporate any other provisions, consistent with the material terms of this Settlement Agreement, as the Court deems necessary and just.

7.3.   **Cooperation.** The Parties shall, in good faith, cooperate, assist and undertake all reasonable actions and steps in order to accomplish these required events on the schedule set by the Court, subject to the terms of this Settlement Agreement.

## 8. TERMINATION OF THE SETTLEMENT AGREEMENT

8.1.   **Termination.**  Subject to Section 10 below, the Class Representative, on behalf of the Settlement Class, or Defendants, shall have the right to terminate this Agreement by providing written notice of the election to do so to all other Parties within ten (10) days of any of the following events: (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant Final Approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which an Alternative Judgment, as defined in Paragraph 10.1 of this Agreement, is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

8.2.   **Effect of Termination.** If the Settlement Agreement is terminated, deemed null and void, or has no further force or effect, the Class Action and the Released Claims asserted by the Class Representative shall for all purposes with respect to the Settling Parties revert to their status immediately prior to the Parties' Mediation on October 8, 2021. All funds deposited in the Settlement Fund, and any interest earned thereon, except for any amounts already distributed to the Settlement Administrator for Notice expenses at the time of the

termination, shall be returned within thirty (30) calendar days after the Settlement Agreement is finally terminated or deemed null and void, except as provided for in Paragraph 10.2.

8.3. **Modification as to Certain Aspects of Agreement.** It shall not be deemed a failure to approve the Settlement Agreement if the Court denies, in whole or in part, Class Counsel's request for Attorneys' Fees and Costs, Class Representative's Compensation, and/or modifies any of the proposed orders insofar as they relate to Attorneys' Fees and Costs and/or the Class Representative's Compensation.

8.4. **Administrative Expenses on Termination.** In the event the Settlement is terminated or fails to become effective for any reason, the Settlement Fund, together with any earnings thereon at the same rate as earned by the Settlement Fund, less any taxes paid or due, less Settlement Administrative Expenses actually incurred and paid or payable from the Settlement Fund, shall be returned to Defendants within thirty (30) calendar days after written notification of such event in accordance with instructions provided by Defendant's Counsel to the Settlement Administrator.

**9.     INCENTIVE AWARD AND CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

9.1. Defendants agree that Class Counsel is entitled to reasonable attorneys' fees and unreimbursed expenses incurred in the Action as the Fee Award. The amount of the Fee Award shall be determined by the Court based on petition from Class Counsel. Class Counsel has agreed, with no consideration from Defendants, to limit their request for attorneys' fees and unreimbursed costs to twenty-five percent (25%) of the Settlement Fund. Defendants may challenge the amount requested. Payment of the Fee Award shall be made from the Settlement Fund, and should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately

awarded pursuant to this Section shall remain in the Settlement Fund and be distributed to Settlement Class Members as Settlement Payments. Class Counsel shall be paid the Fee Award within five (5) business days after the Effective Date. Payment of the Fee Award shall be made by the Settlement Administrator via wire transfer to an account designated by Class Counsel after providing necessary information for electronic transfer.

9.2.   Defendants agree that the Class Representative shall be paid an incentive award in the amount of seven thousand and five-hundred dollars ($7,500.00) from the Settlement Fund, in addition to any Settlement Payment pursuant to this Settlement Agreement and in recognition of his efforts on behalf of the Settlement Class, subject to Court approval. Should the Court award less than this amount, the difference in the amount sought and the amount ultimately awarded pursuant to this Section shall remain in the Escrow Account and be distributed to Settlement Class Members as Settlement Payments. Any award shall be paid by the Settlement Administrator from the Escrow Account (in the form of a check to the Class Representative that is sent in care of Class Counsel) within five (5) business days after the Effective Date.

**10.   CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION**

10.1. The Effective Date as defined in Section 1.15 shall not occur unless and until each and every one of the following events occurs:

a.      This Agreement has been signed by the Parties, Class Counsel and Defendants' Counsel;

b.      The Court has entered an order granting Preliminary Approval of the Agreement;

c.      The Court has entered an order finally approving the Agreement, following Notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the

-32-

1 | Final Judgment, or a judgment substantially consistent with this Settlement
2 | Agreement that has become final and unappealable; and

3            d.     In the event that the Court enters an order and final judgment
4 | in a form other than that provided above ("Alternative Judgment") to which the
5 | Parties have consented, that Alternative Judgment has become final and
6 | unappealable.

7      10.2. If some or all of the conditions specified in Section 10.1 are not met,
8 | or in the event that this Agreement is not approved by the Court, or the
9 | Settlement set forth in this Agreement is terminated or fails to become effective
10 | in accordance with its terms, then this Agreement shall be canceled and
11 | terminated subject to Section 8.2, unless Class Counsel and Defendants' Counsel
12 | mutually agree in writing to proceed with this Settlement Agreement. If any
13 | Party is in material breach of the terms hereof, any other Party, provided that it is
14 | in substantial compliance with the terms of this Agreement, may terminate this
15 | Settlement Agreement on notice to all other Parties. Notwithstanding anything
16 | herein, the Parties agree that the Court's decision as to the amount of the Fee
17 | Award to Class Counsel set forth above or the incentive award to the Class
18 | Representative, regardless of the amounts awarded shall not prevent the
19 | Settlement Agreement from becoming effective, nor shall they be grounds for
20 | termination of the Agreement.

21 | **11.  CONFIDENTIALITY OF SETTLEMENT NEGOTIATIONS**

22      11.1. Except as set forth explicitly below, the Settling Parties and Class
23 | Counsel agree to keep confidential all statements, positions, and offers made
24 | during settlement negotiations relating to the Class Action and the Settlement
25 | Agreement. Accordingly, neither the negotiations, nor any agreement between
26 | the Settling Parties may be disclosed, except: (i) insofar as may be necessary to
27 | obtain court approval of the Settlement; (ii) to management employees of
28 | Defendants and other employees of Defendants as necessary to implement the

-33-

Settlement, service providers to the Plan and/or TIP Plan as necessary to implement the Settlement, and to Defendants' affiliates provided they agree to maintain confidentiality; (iii) to any insurer of Defendants that will be paying any part of the Settlement; (iv) as may be necessary for Defendants to meet any federal, state or local reporting obligations; (v) to enforce its terms; (vi) to Class Members, the Independent Fiduciary, and the Settling Parties' tax, legal, and regulatory advisors, or insurers; or (vii) as otherwise required by law. Provided however, that any such person or entity to whom information is disclosed must promise in writing: (a) that such information shall not be further disclosed, and (b) to comply with this Section 11 in all other respects. The limitations in this paragraph will also apply to the Settlement Agreement, until such time at it is filed with the Court.

11.2. No Party, Class Counsel, or Defense Counsel will issue a press release or other statement to the media, including on social media, regarding the Class Action or the Settlement Agreement.

**12.  MISCELLANEOUS PROVISIONS**

12.1. The Parties: (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Settlement Agreement. Class Counsel and Defendants' Counsel agree to cooperate with one another in seeking entry of an order granting Preliminary Approval and the Final Judgment, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement Agreement.

12.2. Each signatory to this Agreement represents and warrants (a) that he, she, or it has all requisite power and authority to execute, deliver and perform

-34-

this Settlement Agreement and to consummate the transactions contemplated herein, (b) that the execution, delivery and performance of this Settlement Agreement and the consummation by it of the actions contemplated herein have been duly authorized by all necessary corporate action on the part of each signatory, and (c) that this Settlement Agreement has been duly and validly executed and delivered by each signatory and constitutes its legal, valid and binding obligation.

12.3. The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff and the other Settlement Class Members, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiff or defended by Defendants, or each or any of them, in bad faith or without a reasonable basis.

12.4. The Parties have relied upon the advice and representation of counsel, selected by them, concerning the claims hereby released. The Parties have read and understand fully this Settlement Agreement and have been fully advised as to the legal effect hereof by counsel of their own selection and intend to be legally bound by the same.

12.5. Whether the Effective Date occurs or this Settlement is terminated, neither this Settlement Agreement nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Settlement Agreement or the Settlement:

a.    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of

the Settlement Fund, Settlement Payment, or the Fee Award, or of any alleged

wrongdoing, liability, negligence, or fault of the Released Parties, or any of

them;

        b.    is, may be deemed, or shall be used, offered or received

against Defendants as, an admission, concession or evidence of any fault,

misrepresentation or omission with respect to any statement or written document

approved or made by the Released Parties, or any of them;

        c.    is, may be deemed, or shall be used, offered or received

against Plaintiff or the Settlement Class, or each or any of them as an admission,

concession or evidence of, the infirmity or strength of any claims asserted in the

Action, the truth or falsity of any fact alleged by Defendants, or the availability

or lack of availability of meritorious defenses to the claims raised in the Action;

        d.    is, may be deemed, or shall be used, offered or received

against the Released Parties, or each or any of them as an admission or

concession with respect to any liability, negligence, fault or wrongdoing as

against any Released Parties, in any civil, criminal or administrative proceeding

in any court, administrative agency or other tribunal. However, the Settlement,

this Settlement Agreement, and any acts performed and/or documents executed

in furtherance of or pursuant to this Settlement Agreement and/or Settlement

may be used in any proceedings as may be necessary to effectuate the provisions

of this Settlement Agreement. Moreover, if this Settlement Agreement is

approved by the Court, any of the Released Parties may file this Settlement

Agreement and/or the Final Judgment in any action that may be brought against

such parties in order to support a defense or counterclaim based on principles of

*res judicata*, collateral estoppel, release, good faith settlement, judgment bar or

reduction, or any other theory of claim preclusion or issue preclusion, or similar

defense or counterclaim;

e.      is, may be deemed, or shall be construed against Plaintiff and the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

f.      is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiff and the Settlement Class, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiff's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

12.6. The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

12.7. The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Settlement Agreement.

12.8. All of the Exhibits to this Settlement Agreement are material and integral parts hereof and are fully incorporated herein by reference.

12.9. This Settlement Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

12.10.      Except as otherwise provided herein, each Party shall bear its

-37-

own attorneys' fees and costs incurred in any way related to the Action.

12.11.    Plaintiff represents and warrants that he has not assigned any claim or right or interest relating to any of the Released Claims against the Released Parties to any other person or party and that he is fully entitled to release the same.

12.12.    Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Settlement Agreement to effectuate its terms.

12.13.    This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signature by digital, facsimile, or in PDF format will constitute sufficient execution of this Settlement Agreement. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

12.14.    If any deadlines related to the Settlement cannot be met, Class Counsel and Defendants' Counsel shall meet and confer to reach agreement on any necessary revisions of the deadlines and timetables set forth in this Agreement and notice an appropriate motion for modification with the Court. In the event that the Parties fail to reach such agreement, either Party may apply to the Court via a noticed motion for modification of the dates and deadlines in this Agreement.

12.15.    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of

1    implementing and enforcing the Settlement embodied in this Settlement

2    Agreement.

3          12.16.      This Settlement Agreement shall be governed by and

4    construed in accordance with the laws of the State of California without

5    reference to the conflicts of laws provisions thereof.

6          12.17.      This Settlement Agreement is deemed to have been prepared

7    by counsel for all Parties, as a result of arm's-length negotiations among the

8    Parties. Whereas all Parties have contributed substantially and materially to the

9    preparation of this Settlement Agreement, it shall not be construed more strictly

10   against one Party than another.

11         12.18.      Where this Settlement Agreement requires notice to the

12   Parties, such notice shall be sent to the undersigned counsel: Rafey S.

13   Balabanian, EDELSON PC, 150 California Street, 18th Floor, San Francisco, CA

14   94111; Ada W. Dolph, SEYFARTH SHAW LLP, 233 South Wacker Drive, Suite

15   8000, Chicago, Illinois 60606.

16              [SIGNATURES APPEAR ON FOLLOWING PAGE]

17

18

19

20

21

22

23

24

25

26

27

28

DocuSign Envelope ID: 0487389F-84CD-49E9-9F6D-4B74D84BDD8B

1

2

3      **MICHAEL BOUVY**

Dated: _2/9/2022_____     By (signature): _Michael Bouvy_____

4

5      Name (printed): _Michael Bouvy_____

6

7

8

9      **EDELSON PC**

10

11     Dated: _2/11/2022_____     By (signature): _Eve Lynn J. Rapp____

12

13     Name (printed): _Eve-Lynn J. Rapp___

14

15     Its (title): _Partner_____

16

17

18

19     **ANALOG DEVICES, INC.**

20

21     Dated: _____     By (signature): _____

22

23     Name (printed): _____

24

25     Its (title): _____

26

27

28

-40-

1

**MICHAEL BOUVY**

2

3   Dated: _____          By (signature): _____

4

5                                   Name (printed): _____

6

7

8

9                                   **EDELSON PC**

10

11  Dated: _____          By (signature): _____

12

13                                  Name (printed): _____

14

15                                  Its (title): _____

16

17

18

19                                  **ANALOG DEVICES, INC.**

20

21  Dated: _____          By (signature): _____

22

23                                  Name (printed): Jaﬄene Asgeirsson

24

25                                  Its (title): SVP, Chief Legal Officer

26

27

28

1

2

3    Dated: ___2/14/2022___

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SEYFARTH SHAW LLP**

By (signature): _____

Name (printed): ___Ada Dolph___

Its (title): ___Attorney/Partner___

-41-

# Exhibit A

**Linear Technology 401(k) Plan Settlement Administrator**
**P.O. Box 2003**
**Chanhassen, MN 55317-2003**
**www.LinearTechnologyERISASettlement.com**

## FORMER PARTICIPANT ROLLOVER FORM

ABC1234567890                                                  Claim Number: 1111111

|||||||||||||||||||||||||||||||||||||||||||||||||||||||

JOHN Q CLASSMEMBER
123 MAIN ST
APT 1
ANYTOWN, ST 12345

This Former Participant Rollover Form is **ONLY** for Settlement Class Members who are **Former Participants**, or the beneficiaries or alternate payees of Former Participants (all of whom will be treated as Former Participants). A Former Participant is a Settlement Class Member who does not have an active account in The Investment Partnership Plan (the "TIP Plan") as of the date of distribution of the Settlement Payment.

This form must be completed, signed, and mailed to the Settlement Administrator with a postmark date no later than [56 days after Notice Date] in order for Former Participants to receive their payment through a rollover to a qualified retirement account. Former Participants who do not complete and timely return this form will receive their settlement payment by a check payable to them or a successor qualified retirement account. This form may also be submitted online at www.LinearTechnologyERISASettlement.com on or before [56 days after Notice Date]. Please review the instructions below carefully. If you have questions regarding this form or would like to estimate your share of the Settlement Fund, you may contact the Settlement Administrator as indicated below:

VISIT WWW.LINEARTECHNOLOGYERISASETTLEMENT.COM OR CALL 855-579-2789

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| PART 1: INSTRUCTIONS FOR COMPLETING FORMER PARTICIPANT ROLLOVER FORM |
|---|

1.  Complete this form and keep a copy for your records.

2.  Mail your completed Former Participant Rollover Form postmarked on or before [56 days after Notice Date] to the Settlement Administrator at the following address:

    **Linear Technology 401(k) Plan Settlement Administrator**
    **P.O. Box 2003**
    **Chanhassen, MN 55317-2003**

    OR Submit your Former Participant Rollover Form online at www.LinearTechnologyERISASettlement.com on or before [56 days after Notice].

    It is your responsibility to ensure the Settlement Administrator has timely received your Former Participant Rollover Form.

3.  Other Reminders:

    •   You must provide date of birth, signature, and a completed Substitute IRS Form W-9, which is included as Part 5 to this form.

    •   If you fail to complete all of the rollover information in Part 4, below, you will receive your payment by check payable to you or a successor qualified retirement account.

    •   If your address changes after sending in your Former Participant Rollover Form, please provide your new address to the Settlement Administrator online at www.LinearTechnologyERISASettlement.com.

    •   **Timing of Payments to Eligible Settlement Class Members.** No settlement payments will be made unless and until the Court grants final approval of the Settlement Agreement. If the Settlement Agreement is approved and if

*[FORMER PARTICIPANT ROLLOVER FORM CONTINUES ON THE NEXT PAGE]*

you are entitled to a payment under the terms of the Settlement, your payment will be distributed to you after the Settlement Administrator has verified and processed the information for all Settlement Class Members who are entitled to payment. Payments may be further delayed if any appeals are filed.

4. **Questions?** If you have any questions about this form, please call the Settlement Administrator at 855-579-2789. The Settlement Administrator will provide advice only regarding completing this form and will not provide financial, tax or other advice concerning the Settlement. You therefore may want to consult with your financial or tax advisor. Information about the status of the approval of the Settlement, the Settlement administration, and claim processing is available at www.LinearTechnologyERISASettlement.com.

## PART 2: PARTICIPANT INFORMATION

First Name                                     M.I.   Last Name

Mailing Address

City                                                    State   Zip Code

Home Phone                            Work Phone or Cell Phone

Participant's Social Security Number      Participant's Date of Birth

                                          M M      D D      Y Y Y Y

Email Address

## PART 3: BENEFICIARY OR ALTERNATE PAYEE INFORMATION (*IF APPLICABLE*)

☐  Check here if you are the **surviving spouse or other beneficiary** for the Former Participant and the Former Participant is deceased. **Documentation must be provided showing current authority of the representative to file on behalf of the deceased.** Please complete the information below and then continue on to Parts 4 and 5 on the next page.

☐  Check here if you are an **alternate payee under a qualified domestic relations order (QDRO)**. The Settlement Administrator may contact you with further instructions. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

Your First Name                               M.I.   Last Name

Your Social Security Number or Tax ID Number   Your Date of Birth

                                          M M      D D      Y Y Y Y

Your Mailing Address

City                                                    State   Zip Code

*[FORMER PARTICIPANT ROLLOVER FORM CONTINUES ON THE NEXT PAGE]*

## PART 4: PAYMENT ELECTION

**Rollover to an Eligible Plan** – Check only one box below and complete the Rollover Information Section below:

☐ Government 457(b)          ☐ 401(a)/401(k)          ☐ 403(b)

☐ Direct Rollover to a Traditional IRA     ☐ Direct Rollover to a Roth IRA (*subject to ordinary income tax*)

**Rollover Information:**

Company or Trustee's Name (*to whom the check should be made payable*)

Company or Trustee's Mailing Address 1

Company or Trustee's Mailing Address 2

Company or Trustee's City                                    State      Zip Code

Your Account Number                               Company or Trustee's Phone Number

## PART 5: SIGNATURE, CONSENT, AND SUBSTITUTE IRS FORM W-9

UNDER PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS FORMER PARTICIPANT ROLLOVER FORM IS TRUE, CORRECT, AND COMPLETE AND THAT I SIGNED THIS FORMER PARTICIPANT ROLLOVER FORM.

1.  The Social Security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and

2.  I am not subject to back up withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and

3.  I am a U.S. person (including a U.S. resident alien).

_____          M M — D D — Y Y Y Y

**Participant Signature (Required)**                          **Date Signed (Required)**

<u>Note</u>: If you are subject to backup withholding, you must cross out item 2 above. The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.

**QUESTIONS? VISIT: <u>WWW.LINEARTECHNOLOGYERISASETTLEMENT.COM</u>, OR CALL 855-579-2789**

# Exhibit B

From:  tobedetermined@domain.com
To:  JohnDoeClassMember@domain.com
Re:  Legal Notice of Proposed Class Action Settlement

**OUR RECORDS INDICATE THAT YOU WERE A PARTICIPANT OR BENEFICIARY OF THE LINEAR TECHNOLOGY 401(K) PLAN BETWEEN MAY 6, 2013 AND JANUARY 18, 2019. YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*A federal court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

This notice is to inform you that a settlement has been reached in a class action lawsuit between Analog Devices, Inc., as successor to Linear Technology Corporation, Linear Technology LLC, and Linear Technology Administrative Committee (collectively, "Defendants") and participants and beneficiaries of the Linear Technology 401(k) Plan (the "Plan"). The lawsuit alleges that Defendants, as fiduciaries to the Plan, violated the Employee Retirement Income Security Act ("ERISA") by failing to prudently manage the Plan's assets and control its costs, including by paying higher than necessary recordkeeping fees to the Plan's recordkeepers. Defendants denies any wrongdoing and maintain that they did not violate any laws. The Court has not decided who is right or wrong. The lawsuit is called *Michael Bouvy v. Analog Devices, Inc.,* as successor in interest to *Linear Technology Corporation, Linear Technology LLC, and Linear Technology Administrative Committee, et al,* Case No. 19-cv-881 (S.D. Cal.).

**How do I know if I am a Class Member?** Our records indicate that you are a member of the Settlement Class, which includes all Plan participants at any point from May 6, 2013 until January 18, 2019, the effective date in which the Plan was merged into and with The Investment Partnership Plan (the "TIP Plan"), sponsored by Analog Devices, Inc.

**What Can I Get Out of the Settlement?** If you're eligible and the Court approves the Settlement, you will receive a share of a $1,500,000 Settlement Fund that Defendants have agreed to create, proportional to the amount of recordkeeping fees paid by your account in the Plan from May 6, 2013 to January 18, 2019 (and after the payment of settlement expenses and attorneys' fees). Your proportional share of the Settlement Fund will be determined by the Settlement Administrator based upon records maintained by the Plan's recordkeeper.

**How Do I Get My Payment?** If you are a Current Participant in the TIP Plan as of date of distribution of the Settlement Payment, any payment will be made to you automatically by direct deposit to your account in the TIP Plan. If you are a Former Participant of the Plan you have the option to either roll over your payment to another tax-qualified retirement account or receive your payment in the mail by check. If you prefer the former option, you must submit a Rollover Form [linked] on or before [56 days after Notice Date]. If the Settlement Administrator does not receive a Rollover Form by this date, your allocation will be paid to you by a check mailed to your last known address. Former Participants can update their mailing addresses at www.LinearTechnologyERISASettlement.com.

**What are My Options?** As a Settlement Class Member, you are bound by the Settlement, so you can either do nothing (and await your payment) or comment on or object to any of the Settlement terms. ***All Objections must be received by*** [56 days after Notice Date]. If the Court approves the Settlement, you are giving up the right to file your own lawsuit against, or seek further money from, Defendants for any of the issues or claims in the case regarding their management of the Plan—whether or not you are currently aware of those claims. More information about the Settlement terms and how to comment on or object to them can be found on www.LinearTechnologyERISASettlement.com.

**Do I Have a Lawyer?** Yes. The Court has appointed lawyers from the law firm Edelson PC a as "Class Counsel." They represent you and other Settlement Class Members. The lawyers will request to be paid from the total amount that Defendants will pay to the Settlement Fund. You can hire your own lawyer, but you'll need to pay that lawyer's legal fees. The Court has also chosen Michael Bouvy—a class member like you—to represent the Settlement Class.

**When Will the Court Approve the Settlement?** The Court will hold the Final Approval Hearing at [time] on [date] before the Honorable Dana Sabraw in Courtroom 13A at the United States District Court for the Southern District of California, 333 West Broadway, San Diego, CA 92101. The Court will hear objections, determine if the Settlement is fair, and consider Class Counsel's request for costs and fees of up to 25% of the Settlement Fund and an incentive award of $7,500, available on www.LinearTechnologyERISASettlement.com.

***Visit www.LinearTechnologyERISASettlement.com for complete information.***

Exhibit C

## UNITED STATES DISTRICT COURT FOR SOUTHERN DISTRICT OF CALIFORNIA

*Bouvy v. Analog Devices, Inc., et al.*, Case No. 19-cv-881-DMS-BLM

**OUR RECORDS INDICATE THAT YOU WERE A PARTICIPANT OR BENEFICIARY OF THE LINEAR TECHNOLOGY 401(K) PLAN BETWEEN MAY 6, 2013 AND JANUARY 18, 2019. YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*A federal court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

This notice is to inform you that a settlement has been reached in a class action lawsuit between Analog Devices, Inc., as successor to Linear Technology Corporation, Linear Technology LLC, and Linear Technology Administrative Committee (collectively, "Defendants") and participants and beneficiaries of the Linear Technology 401(k) Plan (the "Plan"). The lawsuit alleges that Defendants, as fiduciaries to the Plan, violated the Employee Retirement Income Security Act ("ERISA") by failing to prudently manage the Plan's assets and control its costs, including by paying higher than necessary recordkeeping fees to the Plan's recordkeepers. Defendants deny any wrongdoing and maintain that they did not violate any laws. The Court has not decided who is right or wrong. The lawsuit is called *Michael Bouvy v. Analog Devices, Inc., as successor in interest to Linear Technology Corporation, Linear Technology LLC, and Linear Technology Administrative Committee, et al*, Case No. 19-cv-881 (S.D. Cal.).

*For complete information, visit www.LinearTechnologyERISASettlement.com or call 855-579-2789.*

**How do I know if I am a Class Member?**   Our records indicate that you are a member of the Settlement Class, which includes all Plan participants at any point from May 6, 2013 until January 18, 2019, the effective date in which the Plan was merged into and with The Investment Partnership Plan (the "TIP Plan"), sponsored by Analog Devices, Inc.

**What Can I Get Out of the Settlement?**   If you're eligible and the Court approves the Settlement, you will receive a share of a $1,500,000 Settlement Fund that Defendants have agreed to create, proportional to the amount of recordkeeping fees paid by your account in the Plan from May 6, 2013 to January 18, 2019 (and after the payment of settlement expenses and attorneys' fees). Your proportional share of the Settlement Fund will be determined by the Settlement Administrator based upon records provided by the Plan's recordkeeper.

**How Do I Get My Payment?**   If you are a Current Participant in the TIP Plan as of the date of distribution of the Settlement Payments, any payment will be made to you automatically by direct deposit to your account in the TIP Plan. If you are a Former Participant of the Plan you have the option to either roll over your payment to another tax-qualified retirement account or receive your payment in the mail by check payable to you or a successor qualified retirement account. If you prefer the former option, you must submit a Rollover Form on or before [56 days after Notice Date]. If the Settlement Administrator does not receive a Rollover Form by this date, your allocation will be paid to you by a check mailed to your last known address. Former Participants can update their mailing addresses at www.LinearTechnologyERISASettlement.com.

**What are My Options?**   As a Settlement Class Member, you are bound by the Settlement, so you can either do nothing (and await your payment) or comment on or object to any of the Settlement terms. *All Objections must be received by [56 days after Notice Date].* If the Court approves the Settlement, you are giving up the right to file your own lawsuit against, or seek further money from, Defendants for any of the issues or claims in the case regarding their management of the Plan—whether or not you are currently aware of those claims. More information about the Settlement terms and how to comment on or object to them can be found on www.LinearTechnologyERISASettlement.com.

**Do I Have a Lawyer?**   Yes. The Court has appointed lawyers from the law firm Edelson PC a as "Class Counsel." They represent you and other Settlement Class Members. The lawyers will request to be paid from the total amount that Defendants will pay to the Settlement Fund. You can hire your own lawyer, but you'll need to pay that lawyer's legal fees. The Court has also chosen Michael Bouvy—a class member like you—to represent the Settlement Class.

**When Will the Court Approve the Settlement?**   The Court will hold the Final Approval Hearing at [time] on [date] before the Honorable Dana Sabraw in Courtroom 13A at the United States District Court for the Southern District of California, 333 West Broadway, San Diego, CA 92101. The Court will hear objections, determine if the Settlement is fair, and consider Class Counsel's request for costs and fees of up to 25% of the Settlement Fund and an incentive award of $7,500, available on www.LinearTechnologyERISASettlement.com.

*Visit www.LinearTechnologyERISASettlement.com for complete information.*

Exhibit D

### UNITED STATES DISTRICT COURT FOR SOUTHERN DISTRICT OF CALIFORNIA

*Bouvy v. Analog Devices, Inc., et al.*, Case No. 19-cv-881-DMS-BLM

**IF YOU WERE A PARTICIPANT OR BENEFICIARY OF THE LINEAR TECHNOLOGY 401(K) PLAN BETWEEN MAY 6, 2013 AND JANUARY 18, 2019, YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*A federal court authorized this notice. You are not being sued.*
*This is not a solicitation from a lawyer.*

- A proposed Settlement has been reached in a class action lawsuit between Defendants Analog Devices, Inc., as successor to Linear Technology Corporation, Linear Technology LLC, and Linear Technology Administrative Committee, and participants in the Linear Technology 401(k) Plan (the "Plan"). The lawsuit alleges various violations of the Employee Retirement Income Security Act ("ERISA") related to the operation of the Plan. The lawsuit claims, among other things, that Defendants failed to prudently manage the Plan's assets and control its costs, including by paying higher than necessary recordkeeping fees. Defendants deny all claims. The Court has not decided who is right or wrong. The Settlement has been preliminarily approved by a federal court in California.

- You are included if you participated in the Linear Technology 401(k) Plan between May 6, 2013 and January 18, 2019, including any beneficiary or alternative payee ("Class Members"). If the Court approves the Settlement, Class Members will receive an allocation, proportional to the amount of recordkeeping fees paid from their account, of a $1.5 million settlement fund that Defendants have agreed to establish, after all notice and administration costs, incentive award, and attorneys' fees have been paid.

- You do not need to do anything to receive your share of the Settlement proceeds. If you have an active account in The Investment Partnership Plan ("TIP Plan") at Analog Devices, you are referred to herein as a Current Participant and your allocation of the Settlement proceeds will be deposited directly to your TIP Plan account. If you do not have an active account in the TIP Plan as of the date of distribution of the Settlement proceeds, you are referred to herein as a Former Participant and you will receive your Settlement proceeds by check payable directly to you or a successor qualified retirement account in your name, *unless* you submit a Rollover Form directing the Settlement Administrator to roll over your payment to another tax-qualified retirement account. Rollover Forms can be obtained at www.LinearTechnologyERISASettlement.com (the "Settlement Website").

- Further information regarding the lawsuit and the Settlement may be obtained at www.LinearTechnologyERISASettlement.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A ROLLOVER FORM** | **Former Participants**: If you are a Former Participant and want to roll over your payment to another tax-qualified retirement account, you must submit a Rollover Form, either postmarked by mail or through the Settlement Website, on or before [56 days after Notice Date]. If you do not submit a Rollover Form, your allocation will be paid to you by a check mailed to your last known address. You may update your mailing address on the Settlement Website.<br><br>**Current Participants**: If you are a Current Participant in the TIP Plan as of the date of the Settlement Payment, there is no need to submit any forms. Your allocation will be deposited directly to your TIP Plan account. |
| **DO NOTHING** | **Former Participants:** Your allocation will be paid by check and mailed to your last known mailing address. You will have 90 days to cash the check before it is voided.<br><br>**Current Participants**: Your allocation will be paid by direct deposit to your account in the TIP Plan. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. |
| **ATTEND A HEARING** | Ask to speak to the Court about the fairness of the Settlement. |

These rights and options—**and the deadlines to exercise them**—are explained in this notice.

The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be provided only after any issues with the Settlement are resolved. Please be patient.

## BASIC INFORMATION

**1.  What is this notice and why should I read it?**

A Court authorized this notice to let you know about a proposed Settlement involving the Linear Technology 401(k) Plan (the "Plan"). You have legal rights and options that you may act on before the Court decides whether to approve the proposed Settlement. You may be eligible to receive a payment as part of the Settlement. This notice explains the lawsuit, the Settlement, and your legal rights.

Judge Dana M. Sabraw of the United States District Court for the Southern District of California is overseeing this class action. The case is called *Michael Bouvy v. Analog Devices, Inc.,* as successor in interest to *Linear Technology Corporation, Linear Technology LLC, and Linear Technology Administrative Committee, et al*, Case No. 19-cv-881 (S.D. Cal.). The person who filed the lawsuit, Michael Bouvy, is the Plaintiff, also referred to as the "Class Representative." The companies that were

sued, Analog Devices, Inc., as successor in interest to Linear Technology Corporation, Linear Technology LLC, and Linear Technology Administrative Committee are called the "Defendants."

### 2. What is a class action lawsuit?

A class action is a lawsuit in which one or more plaintiffs—in this case, Michael Bouvy—sue on behalf of a group of people who have similar claims. Together, this group is called a "Class" and consists of "Class Members." In a class action, the court resolves the issues for all class members, except those who exclude themselves from the class. After the Parties reached an agreement to settle this case, the Court granted preliminary approval of the Settlement and recognized it as a case that should be treated as a class action for settlement purposes.

## THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

### 3. What is this lawsuit about?

This lawsuit alleges that Defendants, as fiduciaries to the Plan, failed to prudently manage the Plan's investments and control the Plan's costs in the best interests of the Plan participants and beneficiaries, and thereby breached fiduciary duties to the Plan and its participants and beneficiaries under the Employee Retirement Income Security Act of 1974.

Defendants deny Plaintiff's claims of wrongdoing and contend that they violated no laws. No court has decided who is right. The parties are instead entering into the Settlement to avoid time-consuming and expensive litigation. The Settlement is not an admission of wrongdoing by Defendants. More information about the complaint in the lawsuit and the Defendants' position is available in the "Court Documents" section of the Settlement Website.

### 4. Why is there a settlement?

The Court has not decided who should win this case. Instead, the parties have agreed to the Settlement. That way, they can avoid the uncertainty and expense of ongoing litigation, and Class Members will get compensation now rather than years from now—if ever. Plaintiff and his attorneys ("Class Counsel") believe that the Settlement is in the best interests of the Class Members.

## WHO IS INCLUDED IN THE SETTLEMENT?

### 5. Who is in the Settlement Class?

The Court decided that this Settlement includes the following Settlement Class:

> All persons who participated in the Plan at any point from May 6, 2013 until January 18, 2019, the effective date in which the Plan was merged into and with the TIP Plan, including any Beneficiary and/or Alternative Payee.

A Beneficiary is the person who would get benefits from the TIP Plan if the Current Participant dies. An "Alternative Payee" is someone who would get benefits from the TIP Plan because of a Qualified Domestic Relations Order.

## THE SETTLEMENT BENEFITS

| 6. What does the Settlement provide? |
| --- |

**Payments to Class Members:**

If the Court approves the Settlement, Defendants will establish a Settlement Fund totaling $1,500,000.00. Payments to Class Members, as well as the cost to administer the Settlement, the cost to inform people about the Settlement, any attorneys' fees and costs awarded by the Court, and any incentive awards to the Class Representative approved by the Court will all come out of this Settlement Fund. Payments to Class Members will be allocated proportionally based on the amount of recordkeeping fees paid by each Class Member from May 6, 2013 to January 18, 2019.

**Release of Claims:**

In exchange for the relief provided by the Settlement, all Class Members and anyone claiming through them will fully release Defendants and other "Released Parties" from the "Released Claims." That means that if the Court approves the Settlement, you are giving up the right to file your own lawsuit against, or seek further money from, Defendants for any of the issues or claims in the case regarding their management of the Plan—whether or not you are currently aware of those claims.

The specific scope of the claims you are releasing is in paragraph 1.33 of the Settlement Agreement, which is available through the "Court Documents" link on this Settlement Website. If you have any questions, you can talk to the lawyers listed in this notice for free, or you can, of course, talk to your own lawyer if you have questions about what the release means.

| 7. How much will my payment be? |
| --- |

The amount, if any, that will be allocated to you will be based upon records maintained by the Plan's recordkeeper indicating the amount of recordkeeping fees paid by your account in the Plan from May 6, 2013 to January 18, 2019. Payments to Class Members will be allocated proportionally based on the amount of recordkeeping fees paid by each Class Member from May 6, 2013 to January 18, 2019 in excess of $50 per year. Calculations regarding the individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court approved Plan of Allocation.

## HOW TO GET BENEFITS

| 8. How do I get a payment? |
| --- |

If you are a Current Participant in the TIP Plan as of as of the date of the distribution of the payments, any payment will be made to you automatically by direct deposit to your account in the TIP Plan.

If you are a Former Participant (i.e., not a Current Participant) and you wish to roll over your payment to another tax-qualified retirement account, you must submit a Rollover Form, either postmarked by mail or through the Settlement Website, on or before [56 days after Notice Date]. If you are a Former Participant and you do not submit a Rollover Form on or before [56 days after Notice Date], your allocation will be paid to you or a successor qualified retirement account in your name by a check mailed to your last known address. An online Rollover Form is available on the Settlement Website and can be filled out and submitted online. A paper Rollover Form is included with the Notice sent to Former Participants.

All checks will expire and become void 90 days after they are issued. Any leftover monies from uncashed checks will be paid to the TIP Plan for the purpose of defraying administrative fees and expenses of the TIP Plan.

### 9. When will I get my payment?

The hearing date to consider the fairness of the Settlement, is scheduled for [**Final Approval Hearing Date**]. If the Court approves the Settlement, Class Members will have distribution made to their TIP Plan or issued a check within two months after the Settlement has been finally approved by the Court and/or after any appeals process is complete. Please be patient. Uncashed checks and any remaining money from the settlement fund will be paid to the TIP Plan for the purpose of defraying administrative fees and expenses of the TIP Plan.

## THE LAWYERS REPRESENTING YOU

### 10. Do I have a lawyer in the case?

The Court has appointed Rafey S. Balabanian and the firm Edelson PC to represent the Settlement Class. Those lawyers—are called "Class Counsel." They are experienced in handling similar class action cases. More information about these lawyers, their law firm, and their experience is available at www.edelson.com. They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

The Court also appointed Plaintiff Michael Bouvy, who participated in the Plan, as Class Representative.

### 11. Should I get my own lawyer?

You don't need to hire your own lawyer because Class Counsel is working on your behalf. You may hire your own lawyer, but if you want your own lawyer, you will have to pay that lawyer.

### 12. How will the lawyers be paid?

Class Counsel attorneys' fees and costs will be paid from the Settlement Fund in an amount to be determined and awarded by the Court. The fee petition will seek no more than 25% of the Settlement Fund. The Court may award less than this amount.

Subject to approval by the Court, the Class Representative may be paid an "Incentive Award" from the Settlement Fund for helping to bring and settle this case. The Class Representative will ask for no more than $7,500 in incentive awards.

## YOUR RIGHTS AND OPTIONS

### 13. Can I exclude myself from the Settlement?

No. The Class has been certified under Federal Rule of Civil Procedure 23(b)(l). Therefore, as a Class Member, you are bound by the Settlement (if it receives final Court approval) and any judgments or orders that are entered in the Class Action. If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and counsel about why you object to the Settlement.

## 14. How do I object to the Settlement?

You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement being proposed. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

To object, you must send the Court a written statement that you object to the Settlement in *Bouvy v. Analog Devices, Inc., Linear Technology Corporation, Linear Technology LLC and Linear Technology Administrative Committee, et al.*, Case No. 19-cv-881 (S.D. Cal.). The objection must be filed with the Court via CM/ECF or at the following address:

Office of the Clerk of the Court
United States District Court for the Southern District of California
333 West Broadway, Suite 420
San Diego, CA 92101

The objection must be in writing, must be personally signed, and must include the following information: (1) your full name and current address, (2) a statement that you believe yourself to be a member of the Settlement Class, (3) the specific grounds for your objection, (4) all documents or writings that you desire the Court to consider, (5) the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with the preparation or submission of your objection or who may profit from the pursuit of your objection, and (6) a statement indicating whether you (or your counsel) intend to appear at the Final Approval Hearing. If you are represented by a lawyer, he or she must file an appearance or seek *pro hac vice* admission to practice before the Court and file the objection via CM/ECF.

In addition to filing your objection with the Court, you must send via mail, hand, or overnight delivery service, by no later than the [56 days after Notice Date], copies of your objection and any supporting documents to both Class Counsel and the Defendant's lawyers at the addresses listed below:

| Class Counsel | Defendants' Counsel |
|---|---|
| Edelson PC | Seyfarth Shaw LLP |
| Attn: Rafey S. Balabanian | Attn: Ada W. Dolph |
| 150 California Street, 18th Floor | 233 South Wacker Drive, Suite 8000 |
| San Francisco, CA 94111 | Chicago, IL 60606 |

Class Counsel will file with the Court and post on the settlement website its request for attorneys' fees and incentive award on [date 2 weeks before Objection Deadline].

## THE COURT'S FINAL APPROVAL HEARING

## 15. When and where will the Court decide whether to approve the Settlement?

The Court will hold the Final Approval Hearing at [time] on [date] before the Honorable Dana Sabraw in Courtroom 13A at the United States District Court for the Southern District of California, 333 West Broadway, San Diego, CA 92101. The purpose of the hearing is for the Court to determine whether the Settlement is fair, reasonable, adequate, and in the best interests of the Class. **At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed Settlement, including those related to the amount requested by Class Counsel for attorneys' fees and expenses**

**and the incentive award to the Class Representative.**

<u>Note</u>: The hearing may be postponed to a different date or time without notice, so it is a good idea to check www.LinearTechnologyERISASettlement.com or 1-855-579-2789 to confirm the hearing date. If, however, you timely objected to the Settlement and advised the Court that you intend to appear and speak at the final approval hearing, you will receive notice of any change in the date of such final approval hearing.

| 16. Do I have to come to the hearing? |
|---|

No. Class Counsel will answer any questions the Court may have. You are, however, welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was filed or mailed on time and meets the other criteria described in the Settlement, the Court will consider it. You may also pay a lawyer to attend, but you don't have to.

| 17. May I speak at the hearing? |
|---|

Yes. You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include in your letter or brief objecting to the settlement a statement saying that it is your "Notice of Intent to Appear in *Michael Bouvy v. Analog Devices, Inc., Linear Technology Corporation, Linear Technology LLC and Linear Technology Administrative Committee, et al*, Case No. 19-cv-881 (S.D. Cal.)." It must include your name, address, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you. Your Notice of Intent to Appear must be mailed to the attorneys and filed with the Office of the Clerk of the Court, at the addresses listed in the Answer to Question No. 14, no later than [56 days after Notice Date].

## GETTING MORE INFORMATION

| 18. Where do I get more information? |
|---|

This Notice summarizes the Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement at www.LinearTechnologyERISASettlement.com. You can also get information about this case by accessing the Court docket, for a fee, through the Court's Public Access to Court Electronic (PACER) system at https://ecf.casd.uscourts.gov, or by visiting the Office of the Clerk of the Court for the United States District Court for the Southern District of California, between 8:30 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. You may also write with questions to the Linear Technology 401(k) Plan Settlement Administrator at P.O. Box 2003, Chanhassen, MN 55317-203. And you can call the Settlement Administrator at 1-855-579-2789 or Class Counsel at 1-866-354-3015, if you have any questions. Before doing so, however, please read this full Notice carefully.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.** All questions regarding the Settlement or claims process should be directed to the Settlement Administrator or to Class Counsel.