# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BOUVY,<br><br>  Plaintiff,<br><br> v.<br><br>ANALOG DEVICES, INC., a Massachusetts company, as successor to LINEAR TECHNOLOGY CORPORATION; LINEAR TECHNOLOGY LLC, a Delaware company; LINEAR TECHNOLOGY ADMINISTRATIVE COMMITTEE; and DOE DEFENDANTS 1 – 20;<br><br>  Defendants. | Case No.: 19-cv-00881-DMS BLM<br><br>**ORDER APPROVING SETTLEMENT AGREEMENT, ORDERING DISTRIBUTION OF SETTLEMENT FUNDS, ISSUING A SERVICE AWARD, AND AWARD ATTORNEYS' FEES** |

This matter having come before the Court on Plaintiff's Unopposed Motion for and Memorandum in Support of Final Approval of Class Action Settlement, and Plaintiff's Motion for Attorneys' Fees and a Service Award, the Court having reviewed in detail and considered the pending motions and memoranda in support of the pending motions, the Class Action Settlement Agreement ("Settlement Agreement") between Plaintiff Michael Bouvy and Defendants Analog Devices, Inc., Linear Technology Corporation, Linear Technology LLC and Linear Technology Administrative Committee (collectively "Defendants," and together, the "Parties"), and all other papers that have been filed with the Court related to the Settlement Agreement, including all exhibits and attachments to the motions and the Settlement Agreement, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED AS FOLLOWS:

1. Capitalized terms used in this Order that are not otherwise defined herein have the same meaning assigned to them as in the Settlement Agreement.

2. The Court has personal jurisdiction over all parties to the action, including all Settlement Class Members, and subject matter jurisdiction over the Action to approve the Settlement.

3. The notice provided to Settlement Class Members pursuant to the Settlement Agreement and the order granting preliminary approval to the Settlement (Dkt. 87)—which included direct notice via both U.S. Mail and email—fully complied with the requirements of Fed. R. Civ. P. 23 and due process, was reasonably calculated to apprise Settlement Class Members of the pendency of the Action, their right to object to the Settlement Agreement, and their right to appear at the Final Approval Hearing.

4. The Court finds that Defendants properly and timely notified the appropriate government officials of the Settlement Agreement, as required by 28 U.S.C. § 1715(b). The substance of this notice complied with all requirements of 28 U.S.C. § 1715, and more than 90 days elapsed between the date on which Defendants provided this notice and the Final Approval Hearing. *See* 28 U.S.C. § 1715(d).

5.   The Court finds that the terms of Settlement Agreement are fundamentally fair, adequate, and reasonable. The Court further finds that:

   a.   The Class Representative and Class Counsel have adequately represented the Settlement Class.

   b.   The proposal was negotiated at arm's length, with the assistance of Magistrate Judge Barbara Lynn Major. There is no evidence of collusion or of any conflicts of interest.

   c.   The relief provided for the class is adequate in light of the costs, risks, and delay of further litigation, trial, and appeal. The Court also finds that the method of distributing settlement funds is in the best interests of the Settlement Class. The Court further discusses attorneys' fees below.

   d.   The Settlement treats Settlement Class Members equitably relative to each other.

6.   No member of the Settlement Class has objected to the Settlement.

7.   Accordingly, the Settlement is hereby finally approved in all respects.

8.   The Court hereby dismisses this Action with prejudice.

9.   Upon the Effective Date of this Final Judgment, Plaintiff and every Settlement Class Member shall be deemed to have released (a) Defendants, (b) Defendants' insurers, co-insurers, and reinsurers, (c) Defendants' direct and indirect, past, present or future parents, subsidiaries, affiliates, divisions, joint ventures, predecessors, successors, Successors-In-Interest, and assigns, and each person that controls, is controlled by, or is under common control with them, (d) the Plan and the Plan's past fiduciaries, Plan administrators, recordkeepers, service providers, consultants, and parties-in-interest and (e) Defendants' agents, officers, employees, trustees, Board of Directors, members of the Board of Directors, independent contractors, Representatives, attorneys, administrators, fiduciaries, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors,

administrators, associates, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), employee benefit plan administrators, service providers to the Plan (including their owners and employees), members of their immediate families, consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them from any and all past and present claims or causes of action, whether known or unknown (including "Unknown Claims" as defined below), that were asserted in the Action or that arise out of, relate to, are based on, or have any connection with any of the allegations, acts, omissions, purported conflicts, representations, misrepresentations, facts, events, matters, transactions or occurrences that are, were, or could have been alleged or asserted in the Action, including but not limited to those that arise out of, relate to, are based on, or have any connection with: (1) the overall structure, management, or monitoring of the Plan's investment menus; (2) the selection, monitoring, oversight, retention, fees, expenses, or performance of the investment options available under the Plan; (3) the selection, monitoring, oversight, retention, fees, expenses, or performance of the Plan's recordkeeping service providers, (4) the selection, monitoring, oversight or retention of other fiduciaries, (5) disclosures or failures to disclose information regarding the Plan or service providers, (6) any assertions with respect to any fiduciaries of the Plan (or the selection or monitoring of those fiduciaries) in connection with the foregoing; or (7) the approval by the Independent Fiduciary of the Settlement Agreement. This release also applies to claims that would be barred by *res judicata* or collateral estoppel had the claims asserted in the Action been fully litigated and resulted in a Final Judgment. This release specifically excludes (1) claims of individual denial of benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), that do not fall within any of the categories identified above; (2) wages, labor or employment claims unrelated to the Plan, including by way of example only, claims, arising under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Equal Pay

1   Act, 42 U.S.C. § 1981, the Fair Labor Standards Act, the Family and Medical Leave Act, the National Labor Relations Act, the Sarbanes Oxley Act, the Dodd-Frank Wall Street Reform and Protection Act, state anti-discrimination and wage-payment laws, claims for wrongful termination under state common law and other state law claims of a similar nature; and (3) claims arising exclusively from conduct outside the Class Period. Additionally, this release does not include claims of any Released Party or the Plan against any other Released Party for claims for, or arising out of, insurance coverage against their insurers.

10. The Court has also considered Plaintiff's unopposed Motion for Attorneys' Fees and a Service Award, and its supporting documents. Having considered these submissions and the relevant law, the Court further adjudges as follows:

   a. Plaintiff Michael Bouvy shall be paid a service award in the amount of $7,500. This award is fair and reasonable, and is justified under the circumstances in light of Mr. Bouvy's efforts and commitment to the Settlement Class. This award shall be disbursed according to the terms of the Settlement Agreement.

   b. Class Counsel shall be compensated in the amount of $375,000 for their representation of the Settlement Class. Such an award is reasonable in light of the quality of Settlement Class Counsel's work, the results achieved in this Action, the risks borne by Settlement Class Counsel in litigating this case, and the market for legal services. *See In re Optical Disk Drive Prods. Antitrust Litig.*, 959 F.3d 922, 930 (9th Cir. 2020). This award shall be disbursed according to the terms of the Settlement Agreement.

11. The Parties may, without further approval of this Court, agree to and adopt amendments, modifications, or expansions of the Settlement Agreement and its implementing documents, provided that (i) such amendment, modification, or expansion is consistent in all material respects with the Settlement Agreement and with this Final Judgment, and (ii) such amendment, modification, or expansion does not limit the rights of Settlement Class Members.

12. The Court retains jurisdiction over this Action as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and Final Judgment, and for any other necessary purpose.

13. Except as otherwise set forth in this order, the Parties shall bear their own costs and attorneys' fees.

14. The Court hereby directs entry of this Final Judgment pursuant to Fed. R. Civ. P. 58.

**IT IS SO ORDERED.**

DATED:  July 15, 2022

                                        Hon. Dana M. Sabraw, Chief Judge
                                        United States District Court